UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE ANNUITY AND HEALTH & WELFARE FUNDS OF
THE UNITED FOOD & COMMERCIAL WORKERS
LOCAL 2013, AFL-CIO BY THEIR TRUSTEES LOUIS
MARK CAROTENUTO and STANLEY FLEISHMAN,

**COMPLAINT**

17-CIV-740

Plaintiffs,

-against-

77 DEERHURST CORP. d/b/a SERVCO INDUSTRIES,

Defendant.
------------------------------------------------------------X

Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO ("Plaintiffs LOCAL 2013 TRUST FUNDS"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1. This is an action to recover fringe benefit contributions owed to employee fringe benefit trust funds, for the breach of the terms and conditions of a collective bargaining agreement and to compel an audit of Defendant's payroll and tax records, all pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA").

## JURISDICTION & VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, the principal office of Defendant 77 DEERHURST CORP. d/b/a SERVCO INDUSTRIES ("SERVCO") for the transaction of business is located in Bronx County, City and State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 2013 TRUST FUNDS are joint trustee funds established by trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of Plaintiffs LOCAL 2013 TRUST FUNDS maintain the subject plans at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5. LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are Trustees of Plaintiffs LOCAL 2013 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiff LOCAL 2013 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

8. Plaintiffs LOCAL 2013 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Upon information and belief, Defendant SERVCO was and still is a New York corporation with its principal place of business located at 1315 Blondell Avenue, Bronx, New York.

10. Upon information and belief, Defendant SERVCO was and still is a foreign corporation duly licensed to do business in the State of New York.

11. Upon information and belief, Defendant SERVCO was and still is a foreign corporation doing business in the State of New York.

12. Upon information and belief, Defendant SERVCO is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENTS)

13. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 12 inclusive with the same force and effect as though more fully set forth at length herein.

14. At all times relevant hereto, Defendant SERVCO was a party to and bound by the terms and conditions of a collective bargaining agreement negotiated with the United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") as well as two (2) supplemental collective bargaining agreements, all of which were entered into on November 1, 2013.

15. Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York.

16. Upon information and belief, for the periods of January 1, 2015 through September 30, 2015 and October 1, 2016 through Present, Defendant SERVCO has failed to

remit payment of contractually required fringe benefit contributions in the amount of not less than $45,752.52 pursuant to the terms and conditions of the aforementioned collective bargaining agreements.

17. As of the date hereof, Defendant SERVCO remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 2013 TRUST FUNDS as detailed above.

18. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the aforementioned collective bargaining agreements by Defendant SERVCO, said Defendant is liable to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of not less than $45,752.52.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

19. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 18 inclusive with the same force and effect as though more fully set forth at length herein.

20. The failure of Defendant SERVCO to make the required fringe benefit contribution payments to Plaintiffs LOCAL 2013 TRUST FUNDS for the periods of January 1, 2015 through September 30, 2015 and October 1, 2016 through Present in the amount of not less than $45,752.52 on behalf of those employees working pursuant to the aforementioned collective bargaining agreements is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

21. As of the date hereof, Defendant SERVCO remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 2013 TRUST FUNDS as detailed above.

22. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

23. Accordingly, as a direct and proximate result of the breach of the aforementioned collective bargaining agreements by Defendant SERVCO and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant SERVCO is liable to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of not less than $45,752.52, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, liquidated damages, reasonable attorneys' fees and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

### AS AND FOR A THIRD CAUSE OF ACTION
### (AUDIT DEMAND)

24. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive with the same force and effect as though more fully set forth at length herein.

25. In accordance with the aforementioned collective bargaining agreements and the Trust Agreements establishing Plaintiffs LOCAL 2013 TRUST FUNDS, Defendant SERVCO is

required to remit payment of an agreed upon monthly amount in fringe benefit contributions to said Plaintiffs for each employee covered by the collective bargaining agreements.

26. In connection with the required contributions to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND, the collective bargaining agreements state that:

> The Employer shall remit all employee co-pay contributions monthly to the UFCW Local 2013 Health & Welfare Fund. For all employees on payroll any day during that month.
>
> The Employer shall be required to begin contributions into the Welfare Fund for new employees completing their probationary period by the 20th day of any month.
>
> \* \* \*
>
> The Welfare Fund has been created and maintained pursuant to an Agreement & Declaration of Trust ("Trust"). Said Trust is hereby made a part of this Agreement with the same force and effect as if fully incorporated herein. The Employer and Union hereby agree that upon the execution of this Agreement, they shall be deemed parties to the Trust.

27. In connection with the required contributions to Plaintiff LOCAL 2013 ANNUITY FUND, the collective bargaining agreements state that:

> The Employer will pay to Local 2013 Annuity Fund, per month in advance for all employees employed four (4) months or more on the payroll any day during any month thereafter, to be used by Local 2013 Annuity Fund as an Annuity Fund [effective November 1, 2014, $25.00 per month].
>
> The Employer is required to make contributions to the Annuity Fund, at the applicable rates set forth above, for new employees who complete their probationary period prior to the 20th calendar day of that month. . . .
>
> \* \* \*
>
> The Annuity Fund has been created and maintained pursuant to an Agreement & Declaration of Trust ("Trust"). Said Trust is hereby made a part of this Agreement with the same force and effect as if fully incorporated herein. The Employer and Union hereby agree that upon the execution of this Agreement, they shall be deemed parties to the Trust.

28.     Pursuant to the terms of the Trust Agreements establishing Plaintiffs LOCAL 2013 TRUST FUNDS as referenced in the collective bargaining agreements as well as the obligation to remit contributions pursuant to said agreements and in accordance with ERISA, said Plaintiffs are entitled to an audit of the books and records of Defendant SERVCO.

29.     Section 209(a) of ERISA, 29 U.S.C. § 1059(a)(1) together with applicable case law provides that employers are required to maintain records so that employee benefit plans may review them to determine whether contributions are due and employers, such as Defendant SERVCO, have an affirmative duty to furnish to Plaintiffs the information needed for Plaintiffs to fulfill their duties.

30.     In pertinent part, the Trust Agreements establishing Plaintiffs LOCAL 2013 TRUST FUNDS both state:

> Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security Numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Fund and for no other purpose. The Trustees may, by their respective representatives, examine and audit the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Fund.

31.     Upon information and belief, Defendant SERVCO may have underreported the number of employees, the amount of employee hours worked, wages paid to its employees and the contributions therefore due to Plaintiffs LOCAL 2013 TRUST FUNDS for the period of January 1, 2015 through Present.

32.     Although Plaintiffs LOCAL 2013 TRUST FUNDS formally requested the production of the payroll records, to date, Defendant SERVCO has refused to cooperate with an

audit and Plaintiffs LOCAL 2013 TRUST FUNDS therefore demand an audit of the books and records of Defendant SERVCO for the period of January 1, 2015 through Present.

**WHEREFORE**, Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demand judgment on the First Cause of Action as against Defendant 77 DEERHURST CORP. d/b/a SERVCO INDUSTRIES in the amount of contributions determined to be due and owing of not less than $45,752.52 as a result of its violation of the collective bargaining agreements.

**WHEREFORE**, Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demand judgment on the Second Cause of Action as against Defendant 77 DEERHURST CORP. d/b/a SERVCO INDUSTRIES in the amount of contributions determined to be due and owing of not less than $45,752.52, together with:

a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b. Statutory or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

**WHEREFORE**, Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demand judgment on the Third Cause of Action as against Defendant 77 DEERHURST CORP. d/b/a

SERVCO INDUSTRIES ordering said Defendant to submit its books and records to Plaintiffs' designated representative for an audit in accordance with the applicable provisions of ERISA, the Trust Agreements establishing Plaintiffs Trust Funds and the collective bargaining agreements for the period of January 1, 2015 through Present, with the cost thereof to be the responsibility of said Defendant, and providing Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO with the retained right to seek additional monetary relief from this Court in the event that a deficiency is scheduled as a result of the underlying audit.

Dated: Tarrytown, New York
      January 31, 2017

Yours, etc.,

BRADY McGUIRE & STEINBERG, P.C.

By: James M. Steinberg (JS-3515)
Attorneys for Plaintiffs
U.F.C.W. Local 2013 Trust Funds
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293